# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TUAN PHAM,

              Petitioner,

     v.

D. MARIN, et al.,

              Respondents.

Case No. 5:26-cv-00785-MRA-SP

**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION**

This habeas action was brought by Petitioner Tuan Pham, a noncitizen who was released by Immigrations and Customs Enforcement ("ICE") on supervision in 2001, then re-detained by ICE on December 2, 2025. On March 11, 2026, the Court granted Petitioner's Ex Parte Application for a Temporary Restraining Order ("TRO") and ordered his immediate release. ECF 12. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Application for a Temporary Restraining Order. ECF 12. The TRO required David Marin, Warden of the Adelanto ICE Detention Facility; Thomas Giles,

-1-

Director of ICE Los Angeles Field Office; Todd Lyons, Acting Director of ICE; Kristi Noem, Secretary of DHS; and Pamela Bondi, Attorney General of the United States (collectively, "Respondents" or the "government") to immediately release Petitioner pursuant to the terms of his preexisting OSUP and enjoined Respondents from re-detaining Petitioner unless and until he is provided proper due process under the Constitution and immigration laws and regulations necessary for the revocation of an OSUP. *Id.* at 14. The Court further ordered Respondents to show cause why a preliminary injunction should not issue. *Id.* Respondents filed their response on March 13, 2026, arguing that the preliminary injunction should be denied and the Petition should be dismissed as moot because Petitioner was released on March 11, 2026. ECF 13. Petitioner filed a reply on March 23, 2026, arguing that the request for a preliminary injunction is not moot because Petitioner continues to face the threat of unlawful detention given the government offered no assurances it will follow proper procedures should it re-detain Petitioner. ECF 15.

## II.    **DISCUSSION**

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). For the reasons stated in the TRO, the Court finds that Petitioner is entitled to preliminary relief. ECF 12; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The government's response to the Order to Show Cause does not present any new arguments or facts not previously addressed in the TRO filings. Instead, the government contends that the Petition is moot only because Petitioner has been released as ordered by the Court. ECF 13 at 2. The Court disagrees. A case becomes moot—and therefore no longer a "case" or "controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "The nature of a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur."

*Bui v. Noem*, No. 5:25-CV-03370-RGK-AJR, 2026 WL 353620, at \*2 (C.D. Cal. Feb. 6, 2026); *see also M.V.F. v. Santacruz*, No. 2:25-CV-11700-MEMF-E, 2026 WL 127740, at \*3–4 (C.D. Cal. Jan. 6, 2026); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at \*3 n.5 (C.D. Cal. Sept. 26, 2025); *Decyatnik v. Noem*, No. 2:25-CV-10027-AH-PD, 2026 WL 434933, at \*2 (C.D. Cal. Feb. 12, 2026); *Sarkisyan v. Noem*, No. 2:26-CV-00504-SPG-ADS, 2026 WL 413638, at \*3–4 (C.D. Cal. Feb. 10, 2026).

III.    **CONCLUSION**

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**.  For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner unless and until he is provided proper due process under the Constitution and immigration laws and regulations necessary for the revocation of an OSUP; and

2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: March 25, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE

-3-